McKennan, C. J.
The defendants do not deny infringement of the patent on which this suit is founded, but they allege prior use by others of the invention claimed, and that, therefore, the plaintiff’s intestate is not the first inventor thereof. The invention is a very simple one, and its nature and scope are very clearly defined in the claim. It is there stated to be “a bottom for annealing boxes having ribs or bars of wrought iron, or other metal of a similar fibrous elastic nature, extending through it, substantially as described." The method of forming these ribs is by placing wrought-iron rods in the moulds for casting the annealing boxes, and extending throughout their whole length, so that the molten metal, when poured into the moulds, will completely surround the rods, and thus they will be incorporated with it. The object of the invention is to give these boxes additional strength in the line of the strain upon them, and so prevent their transverse fracture.
The patent is dated April 21, 1874, upon an application filed March 17, 1874, and the question is, was the invention described and claimed practiced by others than the patentee before the date of the application ? The answer to this ques *900 tion is decisively furnished' by the testimony of Robert CTotten. He was a machinist and founder, and testifies that he made annealing carriages for the defendants or their predecessors as early as July 13, 1866, which had iron rods embedded in them, and that he subsequently made several others of the same kind for the same persons. To use his own words: “The general shape of the boxes was like the-drawing in exhibit ‘ McNish’s Patent,’ and the bars of iron were cast in the sides of the box, as shown in this drawing. The bars were placed in the space in the moulds before easting, and then the iron was east on them.” The object of the introduction of the bars was stated to him by Mr. Everson, and is thus explained by him: “The ordinary boxes were found to break crosswise, and it was proposed to obviate this-by the use of these wrought-iron bars.” This is an exact statement of the nature, object and mode of construction. of the invention described and claimed in the patent, and leaves-no room for doubt that the device made by Mr. Totten and that covered by the patent are the same. And there is just as little room for doubt that the boxes made by Mr. Totten were used by the firm of Everson, Preston & Co., and that the advantage expected from them peculiar construction was-realized in their use.
After some time Everson, Preston & Co. ceased to use-annealing boxes, as described by Mr. Totten, and it is argued that such use is to he regarded as an unsuccessful experiment. We cannot concede this. The device used was complete in its construction, and it was used sufficiently to demonstrate its practicability. Indeed, in view of the proofs of the completeness and utility of the device described in the patent, the conclusion is irrresistible that a prior device,, exactly similar to it and used in the same way, must have-been alike successful in practice. It was clearly a complete- and useful invention, and the abandonment of its use by Everson, Preston & Co. furnishes no warrant to the patentee to claim it as the first inventor.
The bill is dismissed, with costs.